## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRANDON W. OWENS, | ) | |
| | ) | |
| Individually And On Behalf Of All | ) | |
| Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-04157 |
| | ) | |
| DART CHEROKEE BASIN | ) | |
| OPERATING CO. LLC, and | ) | |
| CHEROKEE BASIN PIPELINE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

This royalty owners class action was filed in state court and removed by the Defendants claiming diversity jurisdiction under the Class Action Fairness Act ("CAFA").  28 U.S.C. § 1332(d). That statute requires, *inter alia,* that the amount in controversy exceed $5,000,000 exclusive of interests and costs.  The state court petition is silent as to the amount in controversy. The Defendants have alleged, without any supporting proof whatsoever, that more than $5,000,000 is at issue.  But, the burden is on Defendants, as the party asserting federal court jurisdiction, to establish the requirements for jurisdiction by a preponderance of the evidence. Because Defendants offered no evidence to support their assertion that the amount in controversy meets or exceeds the statutory threshold of $5,000,000, Plaintiff moves to remand for lack of subject matter jurisdiction.

## I.    Background Facts

1.    This case was filed as a class action in state court and removed by Defendants to this Court.  Dkts. 1 & 1-1 at pp. 4-11.

2.      The Notice of Removal claims jurisdiction "under 28 U.S.C. §1332(d)." Dkt. 1 at

2 ¶ 5.

3.      Removal under that statute requires the amount in controversy be in excess of

"$5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d) ("district courts shall have

original jurisdiction of any civil action in which the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interest and costs, and is a class action").

4.      There is no allegation of an amount in controversy in the state court petition.  Dkt

1-1 at pp 4-11.

5.      Without disclosing who calculated the amount in controversy, the data selected,

the source of that data, or the method used, Defendants' Notice of Removal conclusorily states

"the amount of additional royalty sought is in excess of $8.2 million."  *See*, Doc. 1 at p. 4.[1]

6.      Plaintiff denies that Defendants Notice of Removal demonstrates subject matter

jurisdiction in accordance with the law.

## II.     Issue Presented

Does Defendants' bare allegation of the amount in controversy satisfy, by preponderance

of the evidence, the amount necessary to establish federal subject matter jurisdiction in this

Court?  If not, the case must be remanded to state court.

## III.    Argument

The Tenth Circuit has held that the party invoking federal jurisdiction bears the burden of

proving that jurisdiction exists.  *Martin v. Franklin Capital Corp.,* 251 F.3d. 1284, 1290-91 (10th

---

[1]   "14.     DCBO has undertaken to quantify the amount of additional royalties that would be
owed if all or substantially all of the adjustments to royalties advanced by Plaintiff were found to
be required to be made.
      15.     Based upon this calculation of Plaintiff's putative class claims, the amount of
additional royalty sought is in excess of $8.2 million."
Dkt. 1 at p. 4 ¶¶ 14-15.

Cir. 2001).  Moreover, "removal statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id.*

The settled Tenth Circuit law is that the "burden is on the party requesting removal to set forth, in the notice of removal itself, the *'underlying facts'* supporting [the] assertion that the amount in controversy [is met]."  *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995) (emphasis in original).  Indeed, "the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by the underlying facts."  *Archem v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003); *Standard Liquor Corp. v. King Estate Winery Inc.,* No. 97-1503-JTM, 1997 WL 752643 at *1-3 (D. Kan. 1997).

Additionally, the Tenth Circuit has been equally clear about the type of showing that is required in the notice of removal. Summary judgment type evidence is required to meet the amount in controversy burden of proof.  *McPhail v. Deere & Co*., 529 F.3d 947, 956 (10th Cir. 2008) (citing a Fifth Circuit case that "summary-judgment-type evidence" is required).  *McPhail* emphasized that a defendant might attach documents supporting an affidavit or introduce evidence from experts.  *Id*.  *See also Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir.1995) (removal "require[s] parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal"); *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997); *Evans v. Yum Brands, Inc.,* 326 F.Supp.2d 214, 220 (D.N.H. 2004).

Here, Defendants submitted no evidence, only a bare allegation that the amount in controversy exceeds the statutory requirement:

6)  In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).  But a bare allegation is insufficient to make a showing under the statute: "[t]he party with the burden of proof cannot rely on conclusory allegations in an affidavit." *Fair v. Swanson,* 753 F.Supp. 875, 877 (D. Colo. 1991).  This Court has previously applied this rule in granting a motion to remand in *Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1282-84 (D. Kan. 2002).  *Coca-Cola Bottling* specifically held that, under a preponderance of the evidence standard, a conclusory affidavit was insufficient to satisfy a defendant's burden of proving the amount in controversy needed to establish diversity jurisdiction:

SoBe also attached to its response the affidavit of Richard MacLean, Senior Vice President of Business Affairs of SoBe, stating that lost profits would be greater than $75,000. **The affidavit includes no underlying data, facts, figures or calculations in support of this blanket statement**….

The additional assertions and facts proffered in SoBe's later filed response to Coca-Cola's motion to remand are untimely; SoBe should have addressed the underlying facts and should have attached any supporting affidavits to its Notice of Removal. Even if the Court considered the additional information proffered in SoBe's response to Coca-Cola's motion to remand, the Court would conclude that SoBe failed its burden of proving that the amount in controversy exceeds $75,000. **SoBe did not provide any facts, figures, data or calculations supporting the blanket assertions** that Coca-Cola's minimum volume would result in profits exceeding $75,000… **SoBe's affiant, Richard MacLean, failed to support his blanket statement about lost profits with any underlying data, facts, figures or calculations.**

*Id.* at 1282-84 (emphasis added).  If a bare allegation in a sworn affidavit is insufficient, a bare allegation in an unsworn notice of removal must also be insufficient to establish subject matter jurisdiction. [2]

---

[2]  Subject matter jurisdiction is a critical threshold issue:

This Court has recently so held in granting remand in *Butler v. Target Corp.,* No. 12-4092- SAC, 2012 WL 5362974 (D. Kan. Oct. 31, 2012) (slip op.). "Removal is proper on the basis of an amount in controversy asserted in the notice of removal if the district finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in" the governing statute. *Id.* at \*3 (internal quotations omitted). In construing the recently enacted Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") and the Tenth Circuit's recent opinion in *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242 (10th Cir. 2012) (recognizing the JVCA "largely codified the holding of *McPhail*"),[3] Judge Crow concluded Target's "conclusory allegations on the amount in controversy" in its notice of removal were insufficient under the JVCA and under Tenth Circuit law to meet its burden to establish jurisdictional facts by a preponderance of the evidence. *Butler,* 2012 WL 5362974, at \*3 ("The defendant offers nothing from which the court would infer that these injuries, the expected medical treatment, the associated emotional distress and lost wages are of such seriousness that the total amount of money damages would be likely to exceed $75,000.00... The defendant must do more than point to the theoretical availability of certain categories of damages. . ."). The *Butler* court also found Target lacked an objectively reasonable basis for

---

[F]ederal courts are courts of limited jurisdiction, and the parties cannot confer jurisdiction where it is lacking. **If the court lacks subject matter jurisdiction, all rulings are a nullity, lacking any force and effect. …** at some point the court will issue a ruling on the merits. That ruling will necessarily be adverse to one of the parties. At that point, losing counsel will be obligated to inform his or her client that a basis for appeal exists based on lack of subject matter jurisdiction.

*Boeing Wichita Credit Union v. Wal-Mart Real Estate Business Trust,* 370 F.Supp.2d 1128, 1129 (D. Kan 2005) (emphasis added).

[3]     By its terms, the JVCA addresses diversity jurisdiction under 28 U.S.C. § 1332(a), not § 1332(d). But *Frederick* addresses CAFA diversity jurisdiction under 28 U.S.C. § 1332(d). Nothing suggests the two sections should be construed differently with respect to the legal analysis of the showing necessary to satisfy the statutorily prescribed amounts in controversy.

filing the notice of removal and stated it would award plaintiff fees and costs under 28 U.S.C. §

1447(c). *Id.* at 4-5. So it is here. Dart Cherokee's bare allegation that the amount in controversy

exceeds the jurisdictional threshold in its notice of removal is insufficient to establish this

Court's subject matter jurisdiction.

Nor can Defendants attempt to cure the insufficiency now.

> [T]he Tenth Circuit has consistently held that reference to factual allegations or evidence outside of the petition and notice of removal is not permitted to determine the amount in controversy, and the Tenth Circuit reaffirmed this rule in *McPhail. McPhail,* 529 F.3d 947, 957 (10th Cir.2008); *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.,* 149 Fed. Appx. 775 (10th Cir. Sep. 8, 2005); *Laughlin,* 50 F.3d at 873. In fact, the Tenth Circuit has expressly rejected the argument that a defendant may provide a post-removal economic analysis of the amount in controversy using facts outside of the petition or notice of removal. *Martin,* 251 F.3d at 1291 n. 4. … There are no cases suggesting that the Tenth Circuit would permit a defendant to amend its notice of removal to provide an economic analysis of the amount in controversy that was absent in the notice of removal, especially when the request to amend the notice of removal is made after the plaintiff files a motion to remand.").

*Benefits Technologies, LLC v. Stanley*, 10-CV-0561-CVE-FHM, 2010 WL 4736297 (N.D. Okla.

Nov. 16, 2010).

## IV.    Conclusion

Defendants' notice of removal proves no jurisdictional facts, is deficient as a matter of

law, and cannot be cured. Having failed to establish subject matter jurisdiction, Plaintiff's motion

for remand must be granted.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Rex A. Sharp
Rex A. Sharp KS#12350
Barbara C. Frankland, KS#14198
Gunderson, Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0500
(913) 901-0419 fax

</div>

David E. Sharp KS #10624
Gunderson Sharp & Walke, LLP
712 Main Street, Suite 1400
Houston, TX 77002
(713) 490-3822
(713) 583-5448 fax
dsharp@midwest-law.com

John F. Edgar KS#18080
Edgar Law Firm LLC
1032 Pennsylvania Ave.
Kansas City, MO 64105
(816) 531-0033
(816) 531-3322 fax
jfe@edgarlawfirm.com

Grady Young KS#9000
714 Walnut
Coffeyville, KS 67337
(620) 251-9000
seklaw@seklaw.org

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel who have registered for receipt of the documents filed in this matter.

/s/ Rex A. Sharp