IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRANDON W. OWENS, | ) | |
| | ) | |
| Individually And On Behalf Of All | ) | |
| Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-04157 |
| | ) | |
| DART CHEROKEE BASIN | ) | |
| OPERATING CO. LLC, and | ) | |
| CHEROKEE BASIN PIPELINE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF REMAND TO STATE COURT

Defendants' Notice of Removal submitted no evidence to prove its assertion that

$5 million or more was in controversy, a prerequisite to federal subject matter jurisdiction

under 28 U.S.C. § 1332(d). Acknowledging this fatal deficiency, Dart [1] attempts to cure it

by filing, with its response to plaintiff's motion to remand (Dkt. 23), the Declaration of

Charles E. Henderson ("Henderson Decl.", Dkt. 23-1). Dart euphemistically characterizes

the Henderson Declaration as "additional support" for its removal (Dkt. 23 at 2-3) when

the Declaration is the *only* evidence submitted in support. But, as this Court has found,

Tenth Circuit law is clear that such belated attempts to bolster a deficient notice of

removal are insufficient. *See* Pl. Mem., Dkt. 13 at 6.

1.     **Tenth Circuit law requires remand.**

Dart cites not one case that permits late submission of evidence to cure a deficient

Notice of Removal filed five months earlier. *See* Dkt. 23 (filed May 1, 2013) and Dkt. 1

---

[1]     "Dart" refers to both defendants Dart Cherokee Basin Operating Co., LLC, and
Cherokee Basin Pipeline, LLC.

(filed Dec. 5, 2012). This is because Tenth Circuit authority prohibits consideration of "factual allegations or evidence outside of the petition and notice of removal" to "determine the amount in controversy." *Benefits Technologies, LLC v. Stanley,* 10-CV-05610-CVE, 2010 WL 4736297 (N.D. Okla. Nov. 16, 2010) (citing *McPhail v. Deere Co.*, 529 F.3d 947, 953 (10th Cir. 2008) [2]; *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.,* 149 Fed. Appx. 775 (10th Cir. Sept. 8, 2005); *Laughlin v. Kmart Corp.,* 50 F.3d 871 (10th Cir. 1995); and *Martin v. Franklin Capital Corp.,* 251 F.3d 1284 (10th Cir. 2001)). Dart's attempt to dismiss this authority as "an unpublished district court opinion" from Oklahoma, Dkt. 23 at 8, disregards the controlling Tenth Circuit authority on which the opinion relies.

Add to this body of Tenth Circuit law the recently decided *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242 (10th Cir. 2012), which Dart cites at Dkt. 23 at 4-5, and which further supports remand in this case.

> In analyzing the propriety of removal, we have held that "[t]he burden is on the party requesting removal to set forth, ***in the notice of removal itself***, **the underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictional minimum**]." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995) (quotation omitted).

*Frederick,* 683 F.3d at 1245 (emphasis added). In *Frederick,* the Tenth Circuit "squarely" held that the removing party "must show by a preponderance of the evidence that the amount in controversy exceeds the amount in § 1332(d)—currently $5,000,000." *Id.* at

---

[2]   Dart quotes the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") which codified the holding in *McPhail* that jurisdictional facts must be proven by a preponderance of the evidence. Dkt. 23 at 5. The JVCA specifies that "the notice of removal may assert the amount in controversy" and says removal is proper "if the district court finds, by preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional minimum. The JVCA does not say that post-removal evidence can be considered in determining whether the removing party met its burden to prove jurisdictional facts at the time of removal.

1244. Where "plaintiff requests undefined damages or damages below the jurisdictional minimum", "the defendant must 'prove...jurisdictional facts by a preponderance of the evidence' to remain in federal court." *Id.* at 1245-46. In *Frederick,* the removing party Hartford attempted to satisfy its burden by submitting *with the notice of removal itself* the affidavit of a Hartford employee who calculated the amount in controversy to be over $5,000,000. *Id.* at 1245. The Tenth Circuit reversed the order granting remand because the district court treated Frederick's complaint for $4,999,999.99 as dispositive without evaluating Hartford's "notice of removal or the evidence submitted supporting jurisdiction." *Id.* at 1248. It remanded the case for reevaluation of the Hartford affidavit in light of *Frederick.* Here, unlike Hartford, Dart submitted no evidence to prove jurisdictional facts with its Notice of Removal. Under *Frederick,* the most recent Tenth Circuit authority and the body of Tenth Circuit law on which it is premised, Dart failed to meet its burden to establish jurisdictional facts; and the case must be remanded for lack of jurisdiction.

2.      **Neither the petition nor the notice of removal prove jurisdiction.**

To avoid remand, Dart claims the Court can piece together from allegations in the petition and in its Notice of Removal that more than $5 million was in controversy at the time of removal. Dkt. 23 at 2 (identifying the class period, the number of wells, allegations about the underpayment of royalties, and its conclusion that more than $5 million was in controversy). But the only documents filed with Dart's Notice of Removal were copies of the summonses and class action petitions served on each of the respective defendants and the 14 Day Clerk's Order extending Dart's time in which to answer or otherwise plead. Dkts. 1, 1-1, 1-2 & 1-3. From these documents, Dart asks the Court to

presume the truthfulness of its assertion in the Notice of Removal that "the amount of additional royalty sought is in excess of $8.2 million", Dkt. 1, ¶ 15 (no citation to evidence). But, as *Frederick* held, the removing party must prove jurisdictional facts where, as here, the petition is silent as to the amount in controversy. Dkt. 13 at 2, ¶ 4; Dkt. 23 at 5 ("In the instant case, the Petition filed in state court contained no allegation as to the amount in controversy or any claim as to the amount of damages being claimed."). The record shows Dart offered no evidence of underlying facts with the Notice of Removal to support its assertion that more than $5 million was in controversy. Dart cannot meet an evidentiary burden when it provided no evidence in the Notice of Removal itself.

This Court so found in *Coca-Cola Bottling of Emporia, Inc. v. South Beach Bev. Co.*, 198 F.Supp.2d 1280, 1285-86 (D. Kan. 2002). Despite the block quotation from *Coca-Cola Bottling* in Plaintiff's motion to remand, Dkt. 13 at 4, Dart completely ignores the case in its response. Dkt. 23. This is because *Coca-Cola Bottling*, decided by Your Honor, disposes of the issue of whether Dart's belated declaration can remedy its fatally deficient Notice of Removal. "[A]s the Tenth Circuit noted in *Laughlin v. Kmart Corp.,* because jurisdiction is determined at the time of the notice of removal, ***the movant must meet its burden in the notice of removal, not in some later pleading.*" *Coca-Cola Bottling,* 198 F.Supp.2d at 1283 (declining to consider an affidavit submitted with the response to the motion to remand) (emphasis added).

The Tenth Circuit cited *Coca-Cola Bottling* in *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.,* 149 Fed. Appx. 775 (10th Cir. 2005) which reviewed the district court's award of attorneys' fees for wrongful removal under 28 U.S.C. § 1447(c).  In

4

affirming the fee award, the Tenth Circuit found no error in the district court's refusal to consider an "after-the-fact affidavit" or post-removal discussions about a stipulation as to the amount in controversy as "irrelevant".

> Neither Farm Bureau's petition nor JSSJ's notice of removal establishes the requisite jurisdictional amount in this case. As noted above, the petition complies with Oklahoma pleading requirements and, by requesting damages in excess of $10,000 plus attorney fees, simply recites the necessary amount in controversy to invoke state district court jurisdiction. *See* Okla. Stat. tit. 12 § 2008(A)(2). JSSJ's notice of removal states only that federal subject matter jurisdiction is available because Farm Bureau is seeking relief under MMWA and Farm Bureau's claim seeks "more than $1,000,000 in relief." Aplt.App. at 4. Neither of these two statements establish the assertion that the amount in controversy of the MMWA claim exceeds $50,000. [Footnote omitted] Because the allegations in the petition are not dispositive, it was up to JSSJ, "in the notice of removal itself, [to set forth] the *underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,000." *Laughlin,* 50 F.3d at 873 (quotation omitted). This they failed to do. **Any additional matters in the record, including Mr. Capron's after-the-fact affidavit, Aplt.App. at 79-80, and Farm Bureau's attempt to formally stipulate to a $50,000 amount in controversy in its brief in support of its motion to remand,** *id.* **at 16, are inadequate to cure these deficiencies.** *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1291 n. 4 (10th Cir.2001) (*Martin I*).

*Oklahoma Farm Bureau,* 149 Fed. Appx. at 778 (emphasis added). Like JSSJ's notice of removal in *Oklahoma Farm Bureau* that asserted Farm Bureau's claim seeks "more than $1,000,000 in relief, Dart's Notice of Removal asserts that "the amount of additional royalty sought is in excess of $8.2 million". Dkt. 1, ¶ 15. No underlying facts are provided.  Like JSSJ's notice of removal, this bare allegation is insufficient to prove the jurisdictional fact of the amount in controversy. Like JSSJ, Dart failed to meet its burden to prove this Court's jurisdiction on December 5, 2012, when the Notice of Removal was filed; and the Henderson Declaration filed five months later on May 1, 2013, cannot change that. Nor can the post-removal settlement calculations or Plaintiff's Counsel's

other royalty class action settlements be used to cure Dart's deficient Notice of Removal. This case should be remanded.

Realizing its predicament, Dart makes two arguments: 1) Plaintiff does not now contest that the amount in controversy is more than $5 million; and 2) Plaintiff now knows the amount in controversy is more than $5 million so the Court should excuse Dart's evidentiary failure and find jurisdiction anyway. Both arguments are easily disposed of.

**3.      Dart, not Plaintiff, bears the burden to prove jurisdictional facts.**

Dart strains to shift the burden to Plaintiff to contest the amount in controversy. Dkt. 23 at 2 (Plaintiff's motion to remand does not state he is seeking less than the jurisdictional amount), 8 (since filing of remand, parties have had time to more fully evaluate the amount in controversy), 13-14 (Plaintiff's counsel knows how to plead his claim to prevent removal). But, as shown above, the Tenth Circuit law places the burden to prove jurisdictional facts on the removing party. Dkt. 13 at 2-3, 13-14. Here, Dart, not Plaintiff, has the burden to show by a preponderance of the evidence the case involves more than $5 million in controversy. Its Notice of Removal did not do this which is why Dart belatedly filed the Henderson Declaration to try to avoid remand. But as in *Coca-Cola Bottling* and in *Oklahoma Farm Bureau,* "after-the-fact" developments are irrelevant because jurisdiction is determined at the time of removal.

**4.      Jurisdiction is determined at the time of removal so post-removal evidence is irrelevant.**

Dart tries to excuse its deficient Notice of Removal with calculations provided in anticipation of the parties' confidential mediation session in early April 2013, long after any removal, and evidence in support, was due. Dkt. 23 at 3.  Setting aside whether

calculations provided as part of confidential settlement negotiations are admissible, Dkt. 23-1, ¶¶ 9, 10, Dart cannot use the mediation to belatedly develop evidence to support its assertion of the amount in controversy. It is simply too late. Defendant filed its Notice of Removal on December 5, 2012. Dkt. 1. Plaintiff filed its motion to remand on December 19, 2012, stating Dart failed to support its Notice of Removal with evidence of the amount in controversy. Thereafter, the parties agreed to mediation and moved to stay the case. Dkt. 14 (Dec. 21, 2012). The Court ordered the case stayed. Dkt. 16 (Jan. 16, 2013) (staying all pretrial proceedings including discovery). Dart then provided documentation to Plaintiff's counsel to permit analysis of the liability and damages issues involved. Dkt. 23-1, ¶¶ 9, 10.  Thereafter, Dart used Plaintiff's calculations in its response to Plaintiff's motion to remand in trying to cure or disguise the deficiency in its Notice of Removal. Dart's response to the motion to remand was filed about one month after the April 4th mediation, on May 1, 2013. While intriguing, all of this is irrelevant because it all occurred long after Dart's removal of the case on December 5, 2012. *Coca-Cola Bottling,* 198 F.Supp.2d at 1283 ("because jurisdiction is determined at the time of the notice of removal, the movant must meet its burden in the notice of removal, not in some later pleading."); *see also, Oklahoma Farm Bureau,* 149 Fed. Appx. at 778. Dart cannot use Plaintiff's settlement calculations created months after Dart filed its Notice of Removal to meet its burden to prove jurisdictional facts at the time of removal.

Dart cites *McPhail* and *Meridian Security Inc. Co. v. Sadowski,* 441 F.3d 536 (7th Cir. 2006) to justify its use of the calculations provided in anticipation of mediation to support removal. Dkt. 23 at 8. While the cases permit such use for jurisdictional purposes, the calculations or documents supporting plaintiff's proposed settlement

amount still must be included with the Notice of Removal. The *McPhail* excerpt that Dart cites affirms "documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the *allegations in the notice of removal*." Dkt. 23 at 9 citing *McPhail,* 529 F.3d at 956 (notice of removal incorporated emails and letters showing plaintiff attorney's valuation of the claim) (italics added). In *Meridian*, the Seventh Circuit merely suggests "plaintiff's informal estimates or settlement demands" as one way in which a defendant might satisfy its burden to prove jurisdictional facts. *Meridian,* 441 F.3d at 542. Nothing in either *McPhail* or *Meridian* supports the filing of a declaration five months after the filing of the notice of removal to provide, for the first time, evidence of the underlying facts supporting the removing party's calculation of the amount in controversy. In fact *Coca-Cola Bottling* and *Oklahoma Farm Bureau* hold to the contrary. *See* p. 4, *supra.* Nor does *McPhail* or *Meridian* require an evidentiary hearing under Rule 12(b)(1), as Dart suggests, to provide the removing party *another* opportunity to provide evidence it already had but did not submit with the Notice of Removal.

> **5.   Dart cannot cure its legally deficient Notice of Removal with post-removal evidence about the amount in controversy.**

Indeed, the Henderson Declaration shows Dart had the information at the time of the Notice of Removal but failed to offer it to prove the jurisdictional fact of the amount in controversy. Dkt. 23-1 at 1, ¶ 2, ¶ 4 ("initially identified over 700 wells"), ¶ 5 (gas from all 700 wells paid under same arrangement, royalties calculated the same way, class-wide damages can be proven), ¶ 6 (class-wide damages can be proven for shrinkage), ¶ 7 (Dart had actual production and sales data at the time of the notice of removal and ran a "formal economic analysis of potential damages"), ¶ 8 (accounting for

statute of limitations affirmative defense done at time of removal to arrive at $8.2 million figure used in the Notice of Removal). So, although Dart suggests, by its citation to *McPhail,* that it had difficulty determining the amount in controversy because plaintiff did not specify the amount in his petition, that is just not so in this case as the Henderson Declaration demonstrates. Dkt. 23 at 8 (defendant faces difficulty when petition contains no statement of the amount in controversy), 14 (Dart had to determine damages Plaintiff was seeking to recover). Dart had the underlying facts but failed to submit evidence of them with its Notice of Removal; it cannot cure that deficiency now.

Taking a somewhat inconsistent tack, Dart suggests its belated filing of the Henderson Declaration results from the parties' further evaluation information and data it provided after removal and before the mediation. Dkt. 23 at 8. But again, "because jurisdiction is determined at the time of the notice of removal, ***the movant must meet its burden in the notice of removal, not in some later pleading***." *Coca-Cola Bottling,* 198 F.Supp.2d at 1283. So this post-removal conduct is irrelevant to Plaintiff's motion to remand.

Also irrelevant is Dart's use of Plaintiff counsel's settlements in other royalty underpayment class actions, *see* Dkt. 23 at 7. [3] These settlements are irrelevant to the

---

[3]  Plaintiff's counsel has also settled royalty underpayment cases in state court for less than the federal jurisdictional amount in controversy. *See Freebird, Inc. v. Cimarex Energy Corp.,* 264 P.3d 500, 503 (Kan.App. Oct. 7, 2011) *rev. denied* (Kan. June 13, 2012) ($3.45 million settlement). So Dart's suggestion that all royalty underpayment class actions satisfy the amount in controversy based on the class period, number of wells, and royalty underpayment allegations is inaccurate. Dkt. 23 at 7, 10.

Interestingly, Judge Belot, relying in part on *Coca-Cola Bottling,* remanded *Freebird* to state court because Cimarex failed to prove the amount in controversy. The affidavit Cimarex filed with its notice of removal failed to support the amount in

9

question of whether Dart's unsupported statement that "$8.2 million" was in controversy in its Notice of Removal satisfied its burden to prove by a preponderance of evidence the amount in controversy. Under the case law cited above, it does not.

Similarly, Dart's recitation of the procedural history in *Eatinger v. BP America Production Company* at 11-13 is irrelevant. Remand in BP was denied because BP's calculation of damages appeared in its Notice of Removal. Dkt. 23 at 11. BP complied with the law by submitting evidence to prove the amount in controversy. BP did not rest solely on the allegations in the petition or one sentence in its Notice of Removal without citation to evidence. It proved the jurisdictional fact so that case stayed in federal court. Dart failed to prove the jurisdictional fact of the amount in controversy with evidence in its Notice of Removal. This case must be remanded to state court.

**Conclusion**

Dart asks this Court to disregard the Tenth Circuit authority requiring jurisdictional facts be proven in Notice of Removal itself, to consider its belated submission of the Henderson Declaration, and to excuse its deficient Notice of Removal because Plaintiff knows or does not contest this case puts more than $5 million in controversy. But none of these excuses satisfy the clear legal standard – the removing party must prove jurisdictional facts in its Notice of Removal, not a subsequent pleading. Dart's Notice of Removal fails to prove the requisite amount in controversy by a preponderance of the evidence. This Court lacks subject matter jurisdiction. The case must be remanded to state court. Plaintiff's motion to remand (Dkt. 12) should be granted.

---

controversy assertion with underlying data. *Freebird, Inc. v. Cimarex Energy Co.,* 599 F.Supp.2d 1283, 1286-87 (D. Kan. 2008).

Respectfully submitted,

/s/ Rex A. Sharp
Rex A. Sharp KS#12350
Barbara C. Frankland, KS#14198
Gunderson, Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0500
(913) 901-0419 fax

David E. Sharp KS #10624
Gunderson Sharp & Walke, LLP
712 Main Street, Suite 1400
Houston, TX 77002
(713) 490-3822
(713) 583-5448 fax
dsharp@midwest-law.com

John F. Edgar KS#18080
Edgar Law Firm LLC
1032 Pennsylvania Ave.
Kansas City, MO 64105
(816) 531-0033
(816) 531-3322 fax
jfe@edgarlawfirm.com

Grady Young KS#9000
714 Walnut
Coffeyville, KS 67337
(620) 251-9000
seklaw@seklaw.org

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel who have registered for receipt of the documents filed in this matter.

/s/ Rex A. Sharp