# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDON W. OWENS,<br><br>Individually And On Behalf Of All<br>Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DART CHEROKEE BASIN<br>OPERATING CO. LLC, and<br>CHEROKEE BASIN PIPELINE, LLC,<br><br>Defendants. | Case No. 12-CV-04157 |

## AGREED PROTECTIVE ORDER

THIS MATTER for an Agreed Protective Order is before the Court on the Joint Motion of the parties. Pursuant to Fed. R. Civ. P. 26(c) and the Guidelines for Agreed Protective Orders (District of Kansas), the Court finds that good cause exists for the entry of a protective order.

Plaintiff, Brandon W. Owens ("Plaintiff"), alleges that his lease for royalties arising from natural gas production was breached, and seeks relief for himself and a putative class of royalty owners against Dart Cherokee Basin Operating Company, LLC and Cherokee Basin Pipeline, LLC ("Defendants") for the claimed underpayment of gas royalties on Kansas working interest wells. Documents already sought, and likely to be sought, in discovery include confidential commercial information of Defendants, including but not limited to well, gathering, and processing plant revenues and expenses, and sales of gas and its constituent products, as well as Defendants' internal financial analysis and business planning, pricing, and customers, such that disclosure of this information outside of this litigation might harm Defendants' business. The volume of documents and information already sought, and likely to be sought, in discovery is

substantial, and the time required to review the entire universe of potentially responsive documents and information for responsiveness and privilege would materially delay the discovery process. Therefore, under the authority of Fed. R. Civ. P. 26(c) and D. Kan. Rule 26.2, the Court has formulated a procedure that will facilitate discovery in this action, maintain the confidentiality of information produced in discovery that contains confidential commercial or proprietary information and protect privileged communications or information and trial preparation materials. The Court being fully advised on the premises and finding good cause for granting said Motion, it is hereby

ORDERED AS FOLLOWS:

Plaintiff and Defendants (collectively, "Parties," or individually, a "Party"), through their respective counsel, having conferred, hereby stipulate and agree to the entry of the following protective order in the above captioned case (the "Litigation"). Defendants believe that its business is highly competitive and involves sensitive technical and commercial information, including trade secrets, and that the unrestricted use and disclosure of such information could cause irreparable injury to Defendants. Accordingly, good cause exists for entry of a protective order regarding the use and disclosure of commercially sensitive and trade secret information that is produced in discovery in the Litigation.

WHEREFORE, in recognition of the Parties' foregoing stipulated agreement,

IT IS ORDERED THAT:

1. This Order establishes procedures to facilitate discovery while maintaining the confidentiality of commercially sensitive and trade secret information (referred to here as "Confidential Information"). The Order establishes the parameters of Confidential Information, the protection and use of Confidential Information and for post-trial disposition of Confidential

Information. This Order also governs the procedures for challenging designations of confidentiality. Further, this Order governs disposition of all confidential material produced or revealed during the course of this action.

2. This Order applies to all information and materials produced by Parties or non-parties during discovery in this Litigation designated as "Confidential," including deposition testimony and transcripts; documents or tangible things produced by the Parties; and answers to interrogatories, requests for admissions and subpoenas.

3. Confidential Information shall not be used for any purpose unrelated to the prosecution or defense of the Litigation (including, without limitation, discovery, other pre-trial proceedings, trial, appeal, or settlement), provided that this restriction on use shall not be construed to prevent counsel or experts to whom Confidential Information is disclosed from representing or being retained by parties in other litigation, even though that other litigation may involve issues similar or identical to those involved in this Litigation. Confidential Information shall not be shown, made available, provided, communicated, or disclosed to anyone other than Qualified Persons (as defined below) except in accordance with this Order, unless agreed otherwise in writing or so ordered by the Court.

4. With regard to any documents, information, or testimony provided in the course of discovery in this case, a Party or Parties may designate as "Confidential" any documents, information, or testimony that it reasonably and in good faith believes to be confidential or proprietary. Any designation of documents, information, or testimony as "Confidential" may be made at any time. It is not necessary that such a "Confidential" designation be made prior to production of the documents, information, or testimony except as otherwise described herein.

5. The designating Party may designate a discovery response (including an answer

to interrogatories, requests for admissions, or request for disclosure), a document produced to a recipient Party in response to a request for production of documents or discovery subpoena, or other information provided through discovery as "Confidential" by stamping or labeling the word "Confidential" upon the document, taking care to avoid obscuring any text. The contents of electronic media may be designated in any reasonable fashion, including by labeling the media or any package or case in which the media is ordinarily stored as "Confidential" or by separate letter designating the electronic media as "Confidential," or by placing in each file name to which the designation applies "CONF". When confidential information is produced in electronic format, any party changing the format or reducing the electronic information to printed format is responsible for labeling the information in the new format "Confidential", and the failure of a party to do so does not affect the confidential nature of the information.

6. A portion of a deposition transcript is designated "Confidential" if: (1) the transcript evidences the substance of a document or information designated as "Confidential;" (2) a statement is made on the record during the course of the deposition, through counsel for the designating Party, as to the confidentiality of that portion of the deposition that counsel in good faith believes to contain Confidential Information; or (3) within 15 days after the deposition transcript is delivered, written notice is given to all counsel for the recipient Parties that identified portions of the deposition transcript are to be designated "Confidential." The reporter shall promptly conform the original copy by stamping the word "Confidential" on each page so designated, and counsel shall conform their copies of the transcript in accordance with the designation. The portions so designated shall not be utilized or disclosed by a recipient Party, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

7. The prohibition against disclosing material designated as "Confidential" shall not apply if the substance of such material: (a) was publicly known or in the public domain by publication or otherwise at the time of its disclosure by the designating Party or witness without any breach of any obligation of confidence; (b) at any time becomes publicly known or in the public domain, through no act or failure to act on the part of the receiving Party and without any breach of any obligation of confidence; (c) without any breach of any obligation of confidence to the designating Party, was already in the possession of the receiving Party at the time of the disclosure by the designating Party and was not acquired solely from the designating Party or witness; or (d) was obtained by the receiving Party outside of the formal discovery process, from a third party who obtained the same lawfully without breach of any obligation of confidence to the designating Party and did not breach any obligation of confidence in providing it to the receiving Party.

8. Nothing in this Order is intended to, or shall be construed to, prevent a Party or his/her/its counsel from providing or disclosing documents or written information in response to an inquiry, demand, subpoena, or other request from a governmental entity or agency, agents of the same acting in their official capacity, or a Court order. If a Party receives an inquiry, demand, subpoena, or other request from a governmental entity or agency, agents of the same acting in their official capacity, or a Court order, effective notice shall be provided to the disclosing Party of said request in order to give the disclosing Party reasonable time to respond.

9. Confidential Information shall not be shown, made available, provided, communicated, or disclosed to anyone other than Qualified Persons (as defined below) except in accordance with this Order, unless agreed otherwise in writing or so ordered by the Court.

10. For purposes of this Order, "Qualified Persons" are defined as follows:

(a) The judge or judges assigned to this case or any appeal thereof, court personnel, court reporters, video equipment operators, mediators, and any other authorized court personnel and trier of fact, including the jury;

(b) Attorneys of record in this Litigation, in-house counsel working on such Litigation, and employees and representatives of such attorneys of record and in-house counsel in the Litigation to whom it is necessary that Confidential Information be revealed for purposes of the administration, preparation, trial or appeal;

(c) Parties and such employees and former employees of Parties in this Litigation to whom disclosure of Confidential Information is reasonably necessary for purposes of the administration, preparation, trial, or appeal;

(d) Persons employed by a Party or its attorneys in this Litigation for the purpose of assisting in the preparation for trial, any hearing herein, or any appeal hereof, such as independent accountants, appraisers, brokers, statisticians, economists, petroleum engineers, or other expert consultants or expert witnesses, whether consulting or testifying, who have signed Exhibit A;

(e) Any person (not covered by subparagraph c., above) believed to have knowledge of facts relevant to this Litigation that may be called as a fact witness by any Party and who has signed Exhibit A or who at a deposition is informed of this Order on the record;

(f) Any other person who is hereafter designated as a Qualified Person by: (i) order of this Court, after notice to all Parties and hearing; or, (ii) agreement of the Parties in writing or on a stenographic record.

11. Except during trial, each person given access to material designated as "Confidential" or copies thereof shall be advised of the existence and contents of this Order, and experts retained by counsel for the Parties shall acknowledge receipt of same in writing in form annexed hereto as Exhibit A. Signed copies of Exhibit A shall be retained by counsel for the Party making the disclosure.

12. The Parties shall have the right to seek additional or fewer restrictions on the disclosure of any Confidential Information by agreement or by order of the Court.

13. A Party may dispute a producing Party's designation of material as "Confidential" by giving written notice to the producing Party at any time. If the Parties are not able to resolve the dispute as to the material specified in such written notice within 10 business days of the producing Party's receipt of such written notice, the dispute shall be submitted to the Court for resolution by way of a motion filed by the Party contesting confidentiality seeking to declassify the documents or material. Although the contesting party must file the motion to declassify, the burden of proving the documents are properly classified and treated as confidential shall be on the Party claiming that designation in the same manner as if that Party were moving for a Protective Order in the absence of this Order.

14. In the event any Party to the Litigation files with the Court any pleading, motion, exhibit or other paper that contains material designated as "Confidential," any such material shall, following the filing of a motion with the court and an order granting leave to file the material under seal, be filed with the Court in accordance with the court's administrative procedures for electronically filing sealed documents. Any Party to the Litigation shall have the right to move the Court to unseal the record with respect to such documents, upon a showing that the information filed under seal is not Confidential information of the party who designated it as such.

15. Within sixty (60) days after the conclusion of the Litigation, including any appeal, except for Confidential Information filed with the Court or incorporated into work product, all originals and reproductions of Confidential Information shall be returned to the disclosing Party or destroyed upon request by the disclosing Party at the disclosing Party's option and expense. Disclosing party agrees to maintain a copy of the confidential information for a period of 5 years after the conclusion of the litigation.

16. The designation of documents or written information as Confidential Information shall not preclude their introduction, admissibility, or use at trial or any hearing or on appeal, subject to recognized evidentiary objections or subject to such conditions or restrictions that may be ordered by the Court.

17. This Order does not affect any Party's obligation to submit a privilege log or to comply with discovery or disclosure requests as required by the Kansas Rules of Civil Procedure.

18. The following rules will apply to the inadvertent production of privileged documents or information in the Litigation, whether or not designated as "Confidential":

    (a) The term "Furnishing Party" is a Party to the Litigation or a third party witness on behalf of which documents or information has been produced or is to be produced in connection with the Litigation. The term "Receiving Party" is a Party to the Litigation to which documents or information has been produced or is to be produced in connection with the Litigation.

    (b) The inadvertent production or disclosure of documents produced or to be produced in the Litigation that constitute, contain, or reflect information protected from discovery by the attorney-client privilege, the work product privilege, or any other privilege or immunity shall not, and does not, constitute a waiver, in whole or in part, of the privilege claimed as to such documents or any other documents produced or to be produced by the Furnishing Party in the Litigation.

    (c) In the event the Furnishing Party discovers that an inadvertent production or disclosure of privileged documents was made, the Furnishing Party shall provide written notice to the Receiving Party of the inadvertent production or disclosure. Such written notice shall be provided within 5 days of the date the Furnishing Party discovers the inadvertent production or disclosure and shall identify the documents claimed to have been inadvertently produced by production numbers or other identification and shall state the privilege(s) asserted.

    (d) Upon receipt of such written notice, the Receiving Party shall promptly sequester the documents claimed as privileged and any copies of which the Receiving Party is aware, including copies provided by or on behalf of the Receiving Party to any third parties, and shall not use or disclose such documents (or any copies of such documents or notes or other work product relating to or reflecting the contents of such documents) in the

Litigation or for any other purpose, pending further Order of the Court regarding the privileged nature of the documents that are the subject of the written notice. All electronic versions of such documents (including electronic versions provided by or on behalf of the Receiving Party to third parties) also shall be sequestered by the Receiving Party.

(e) In the event the Receiving Party does not agree with the Furnishing Party's claim of privilege as to the documents identified in the written notice to be provided pursuant to paragraph (c) above, counsel for the Receiving Party shall notify the Furnishing Party, in writing, of the documents to which the disagreement applies and may retain in its possession copies of the documents claimed as privileged (including all electronic versions of such documents) for purposes of submitting the documents to the Court in the Litigation, filed under seal, in connection with a motion to compel production or similar motion seeking a ruling on the privilege claim asserted by the Furnishing Party. If the Furnishing Party produced the documents pursuant to a procedure in which the Furnishing Party produced the documents for review or inspection by the Receiving Party without prior manual review to identify privileged documents, based on the Furnishing Party's determination, in its sole discretion, that such a production without manual review would expedite production or reduce expense of production, the Receiving Party shall not take the position in its motion that the inadvertent production or disclosure of such documents constitutes, in whole or in part, a waiver of the privilege as to such documents. If the Furnishing Party produced the documents pursuant to a procedure in which the Furnishing Party produced the documents following a manual review for privilege, the Receiving Party shall not take the position in its motion that the inadvertent production or disclosure of such information alone constitutes a waiver (as such is only part of the test) of the privilege claimed as to such documents or any other documents produced or to be produced by the Furnishing Party in the Litigation. During the pendency of such a motion, the Receiving Party and its counsel shall not use or disclose such information except in connection with the filing of the motion referenced in this paragraph, pending a ruling by the Court on such motion. If the Court determines that the documents that were the subject of the written notice described in paragraph (c) above are privileged, the Receiving Party shall return such documents and all copies thereof to the Furnishing Party.

(f) Nothing in this Agreement shall be construed as an admission or a waiver of any position regarding whether any specific document or category of information is admissible in any hearing, trial, or other proceeding in the Litigation.

(g) The terms of this Agreement shall survive and remain in force and effect after the termination of the Litigation and may not be altered or modified except in writing signed by the Parties to the Litigation.

19. The conclusion of the Litigation shall not relieve counsel or any person permitted access to material designated as "Confidential" pursuant to this Order from the obligations set forth herein, and a party may move to reopen the Litigation after the final disposition of this Litigation for the purpose of any application to enforce the provisions of this Order. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by further order of this Court.

20. Any Party to this Order may move to enforce it with this Court.

21. Nothing in this Order shall be construed to prohibit a producing Party from using its own discovery material in whatever matter it chooses, but if a producing Party divulges any Confidential information to a non-party that is under no obligation to maintain the confidentiality of the material, other than as set forth in paragraph 10 above, the producing Party shall so advise the receiving Party that the divulged information is no longer Confidential.

IT IS SO ORDERED on this 13th day of May, 2013.

    s/ James P. O'Hara
    James P. O'Hara
    U.S. Magistrate Judge

s/ John F. Edgar
John F. Edgar          #18080
**EDGAR LAW FIRM LLC**
1032 Pennsylvania Avenue
Kansas City, Missouri 64105
Telephone:  (816) 531-0033
Facsimile:  (816) 531-3322
jfe@edgarlawfirm.com

Rex A. Sharp, KBA # 12350
Barbara C. Frankland, KBA # 14198
GUNDERSON, SHARP & WALKE, L.L.P.
5301 Prairie Village, KS 66208
(913) 901-0500
(913) 901-0419 – fax
rsharp@midwest-law.com

David E. Sharp KBA#10624
Gunderson Sharp & Walke, LLP
700 Louisiana, Suite 2300
Houston, TX 77002
(713) 221-2337
(713) 583-5448 fax
dsharp@midwest-law.com

ATTORNEYS FOR PLAINTIFF
Brandon Owens


s/ Julia Gilmore Gaughan
Jeffery L. Carmichael, KS #11085
Will B. Wohlford, KS #21773
Morris Laing Evans Brock & Kennedy
300 N. Mead, Ste. 200
Wichita, KS 67202
(316) 262-2671
(316) 262-6226 fax
jcarmichael@morrislaing.com
wwolford@morrislaing.com

and

Julia Gilmore Gaughan, KS #23919
800 SW Jackson St., Suite 1310
Topeka, KS 66612-1216
(785) 232-2662
Fax: (785) 232-9983
jgaughan@morrislaing.com


ATTORNEYS FOR DEFENDANTS
Dart Cherokee Basin Operating
Company, LLC and Cherokee Basin Pipeline, LLC