IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDON W. OWENS, on behalf of himself and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DART CHEROKEE BASIN OPERATING COMPANY, LLC, GAS AUTHORITY SUPPLIES, LLC, and CHEROKEE BASIN PIPELINE, LLC, <br><br> Defendants. | Case No. 12-4157-JAR-JPO <br><br> CLASS ACTION |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Brandon W. Owens, on behalf of himself and all other similarly situated royalty owners, sues Defendants Dart Cherokee Basin Operating Co., LLC; Gas Authority Supplies, LLC; and, Cherokee Basin Pipeline, LLC (collectively "Dart" or "Defendants") for underpayment of royalties and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff and the Class bring claims based upon Defendants' underpayment or non-payment of royalties on natural gas and/or constituents of the gas stream produced from wells in Kansas through improper accounting methods (such as starting with a price that is too low and then taking improper deductions) and by failing to account for and pay royalties, all as more fully described below.

1

**VENUE AND JURISDICTION**

2. This action was removed to this Court from a Kansas state court pursuant to the Class Action Fairness Act, and venue is proper in this Court since the acts complained of occurred in whole or in part in Kansas.

**PARTIES**

3. Plaintiff Brandon W. Owens is a citizen and resident of the State of Kansas, residing at 2334 Co. Rd. 2800, Independence, Kansas 67301. Plaintiff is a royalty owner of Dart who operated or paid royalty from working interest production in wells known as the Owens 2-30 and Melander-Owens 2 wells.

4. Defendant Dart Cherokee Basin Operating Co., LLC is believed to be a Delaware corporation with its principal place of business in Michigan and holds or held a working interest in some of the Class Wells. It conducts regular and systematic business throughout the State of Kansas, as well as in Wilson County and Montgomery County, Kansas. It has been served in this case.

5. Defendant Gas Authority Supplies, LLC is a Georgia limited liability Company, is not a citizen of Kansas, holds or held a working interest in some of the Class Wells, and has agreed to accept service of process via ECF service on its counsel, which is the same counsel for Dart Cherokee.

6. Defendant Cherokee Basin Pipeline, LLC is believed to be a Delaware corporation with its principal place of business in Kansas. Cherokee Pipeline is owned by Dart Oil & Gas Corporation and Gas Authority Supplies, LLC, and is the entity through which Dart Cherokee or Gas Authority pays royalties to Plaintiff and the Class of royalty owners defined herein. It has been served in this case.

## FACTS COMMON TO ALL COUNTS

7. Defendants underpaid royalty owners by taking numerous deductions (via fees or in-kind volumetric deduction) before the gas products were in marketable condition.

8. The above-referenced deductions include, but are not limited to gathering, compression, dehydration, and/or treatment deductions, and if any deductions were not improper *in toto*, the amount of deductions taken were unreasonable in amount.

9. These deductions were hidden from royalty owners, including the Plaintiff and Class, in that they were not revealed on their check stubs, and the deduction information arises from confidential gas contracts and accounting processes.

10. The deductions were also the product of a gas contract among affiliated entities.

11. Defendants also deducted from payments to Plaintiff and the Class a conservation fee deduction. Such deductions were improper. Indeed, although they were not a tax, conservation fee deductions were deceptively lumped in as "taxes" on the check stubs of Plaintiff and the Class.

12. As a direct and proximate result of Defendants acts and/or omissions, Plaintiff and the Class have been injured/damaged.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this class action lawsuit on behalf of himself and the following similarly situated Class:

> All royalty interest owners who were owed and/or paid royalties by or from Dart Cherokee Basin Operating Co., LLC, Gas Authority Supplies, LLC, or Cherokee Basin Pipeline, LLC based on production from oil and gas leases and wells in the State of Kansas at any time after January 1, 2002.
>
> Excluded from the Class are: (1) The Mineral Management Service (Indian tribes and the United States), (2) Defendants and their employees, officers and directors, and (3) any NYSE or NASDAQ listed company (and its

subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing

14. This lawsuit is brought pursuant to Rule 23.

15. The prerequisites of Rule 23, including numerosity, commonality, typicality, adequacy, predominance and/or superiority are satisfied.

16. Members of the Class are so numerous that joinder of all members is impracticable. Defendants operate over 100 wells in Kansas with one or more royalty owners for each well.

17. There are questions of law and fact common to the Class which predominate over questions affecting only individual members. These questions include, but are not limited to, the following:

   a. Whether Plaintiff and the Class members are the beneficiaries of an implied covenant obligating Defendants to place the gas from class wells into marketable condition and sell it in good faith;

   b. Whether Defendants are solely responsible for all costs necessary to render commercially marketable the gas produced under the oil and gas leases;

   c. Determining the point at which the gas that Defendants produce becomes commercially marketable in good faith;

   d. Whether Defendants deducted or allowed third parties to deduct (in cash or in kind) amounts for placing the gas into marketable condition before paying royalty to Plaintiff and the Class members;

   e. Whether Defendants paid royalty to Plaintiff and the Class members based on a starting price below what Defendants received in arm's-length sales transactions for products in marketable condition;

4

    f. Whether Defendants calculated the royalty paid to Plaintiff and the Class according to the internal accounting, royalty payment formulas, and record-keeping operations of Defendants which are not known or knowable by the members of the Class;

    g. Whether the check stubs Defendants used in paying royalty to Plaintiff and the Class members misrepresented or fraudulently concealed, by omission, commission or both, the true facts about Defendants' calculation of royalty owed;

    h. Whether Defendants' payment of royalty to Plaintiff and the Class members on a monthly basis is a unilateral open account; and

    i. Whether Defendants deducted a conservation fee from Plaintiff and the Class members that it was not legally entitled to deduct.

18. The claims of the named Plaintiff are typical of the claims of the Class. All royalty owners faced the same type of accounting deductions and sales starting point regardless of lease types or gas composition from their wells.

19. Plaintiff will fairly and adequately protect the interests of the Class. He has already retained Class counsel who are experienced and qualified in prosecuting class actions and other forms of complex civil litigation.

20. A class action under Rule 23 is superior to other available methods for the fair and efficient adjudication of this controversy because:

    a. Plaintiff has the same interests as other members of the Class, is financially able to, and will, vigorously prosecute this action on behalf of the Class;

  b. It is desirable to concentrate the litigation involving claims of Kansas royalty owners in this one forum because the expense and burden of the individual litigation make it impracticable for individual Class members to pursue separate litigation; and

  c. No difficulties are likely to be encountered in the management of this litigation as a class action.

## COUNT I

### (Breach of Lease and Implied Covenant to Market and Implied Covenant of Good Faith and Fair Dealing)

21. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

22. As a result of the above-referenced conduct, Defendants have breached the lease, including the implied covenant to market and implied duty of good faith and fair dealing imposed on many leases, to each member of the Class to produce and market at its sole cost the gas by placing the gas in a marketable condition.

23. For leases that expressly authorize some of the deductions in this case, the Conservation Fee deductions were never expressly authorized in any of the leases, and the deductions that were authorized were taken in an excessive amount.

24. Defendants have caused damages to Plaintiff and the Class in the amount of the improper deductions and/or the amount of excessive deductions.

WHEREFORE, Plaintiff and the Class pray for judgment in their favor and against Defendants in a fair and reasonable amount to compensate them for damages they have suffered and will suffer up to the time of trial, for their costs in this action, and for such other and further relief as this Court deems just and proper.

## COUNT II

### (Unjust Enrichment)

25. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

26. Plaintiff and the Class are royalty owners of certain oil/gas wells.

27. Defendants were to pay Plaintiff and the Class royalties for the oil/gas retained by Defendants from the Plaintiff's and the Class' wells, such as fuel and lost and unaccounted for gas ("FL&U").

28. Defendants retained significant sums of money from Plaintiff and the Class through the above-referenced fees and deductions.

29. The above-referenced fees and deductions were unlawful, inequitable, and unauthorized by Plaintiff and the Class, or were excessive in amount.

30. As a direct result of the misconduct alleged herein, Defendants have been unjustly enriched and have obtained a substantial monetary benefit which, in fairness and equity, Defendants were not entitled to receive or retain.

31. It would be unfair and inequitable to allow Defendants to retain the benefits derived from the above-referenced fees and deductions retained from Plaintiff and the Class and, therefore, Plaintiff and Class members are entitled to be paid and to receive those benefits.

WHEREFORE, Plaintiff prays for judgment in their favor and against Defendants in a fair and reasonable amount to compensate them for damages they have suffered and will suffer up to the time of trial, for their costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/Rex A. Sharp*

---

Rex A. Sharp                KS# 12350
Barbara C. Frankland         KS# 14198
Gunderson Sharp, LLP
5301 W. 75th Street
Prairie Village, KS 66208
Telephone:  (913) 901-0500
Facsimile:  (913) 901-0419
Email: rsharp@midwest-law.com

David E. Sharp              KS #10624
Gunderson Sharp, LLP
711 Louisiana, Suite 500
Houston, TX 77002
(713) 221-7222
(713) 583-5448 fax
dsharp@midwest-law.com

John F. Edgar               KS# 18080
EDGAR LAW FIRM LLC
1032 Pennsylvania Ave.
Kansas City, MO 64105
Telephone:  (816) 531-0033
Facsimile:  (816) 531-3322
Email: jfe@edgarlawfirm.com

Grady Young                 KS# 9000
714 Walnut
Coffeyville, KS 67337
Telephone: (620) 251-9000
Email: seklaw@seklaw.org

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 29, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing all counsel who have registered for receipt of the documents filed in this matter.

s/<i>Rex A. Sharp</i>_____